TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00431-CV






In re Jon Kyle McMillan






ORIGINAL PROCEEDING FROM BELL COUNTY




O P I N I O N



 Jon Kyle McMillan filed a petition for writ of mandamus, seeking to compel the trial
court to grant his plea to the jurisdiction in a suit challenging an acknowledgment of paternity
(an AOP) under family code section 160.308. See Tex. Fam. Code Ann. § 160.308 (West Supp.
2008). Because we have determined that the trial court has subject-matter jurisdiction over the suit,
we deny the petition for writ of mandamus. 

 A.M., the child at issue in this proceeding, was born in Texas on March 14, 2006. 
The next day, McMillan and Kelly MacCord, the mother of the child, signed an AOP declaring
McMillan to be A.M.'s father. This acknowledgment was filed with the Vital Statistics Unit of the
Texas Department of State Health Services.

 In September 2007, MacCord filed suit in Blount County, Tennessee, where
McMillan and A.M. were living, seeking custody of A.M. and a declaration that McMillan was not
A.M.'s father. On November 6, 2007, the Tennessee court found that MacCord "does not have
standing to deny that [McMillan] is the father of the child having signed under penalty of perjury an
acknowledgment of paternity in Texas." The Tennessee court also awarded temporary custody to
McMillan and ordered that the suit "shall proceed before the Court as a custody case." The parties
stipulate that a final order has not yet been issued in the Tennessee litigation. 

 Two days after the temporary order was issued in Tennessee, MacCord filed suit in
Texas, challenging the AOP on file with the Texas Vital Statistics Unit. McMillan filed a plea to
the jurisdiction, arguing that Texas lacks subject-matter jurisdiction under the Uniform
Child Custody Jurisdiction and Enforcement Act (the UCCJEA). See id. §§ 152.001-.317
(West 2002 & Supp. 2008). The trial court denied the plea to the jurisdiction and McMillan filed
this petition for writ of mandamus, seeking to compel the trial court to grant his plea on the ground
that Tennessee has exclusive, continuing jurisdiction under the UCCJEA.

 MacCord agrees with McMillan that Tennessee has exclusive, continuing jurisdiction
over the custody proceeding under the UCCJEA. However, MacCord's suit is not a custody
proceeding, but a suit brought to challenge an AOP, and is therefore subject to the Uniform
Parentage Act, see id. §§ 160.001-160.763 (West 2002 & Supp. 2008), rather than the UCCJEA. 
The UCCJEA applies to paternity actions only to the extent that such actions are included in "a
proceeding in which legal custody, physical custody, or visitation with respect to a child is an issue." 
Id. § 152.102(4) (West 2002). MacCord's petition in Texas court does not raise custody or visitation
issues, but specifically states, "Petitioner asserts jurisdiction in this Court to challenge the
acknowledgment of paternity which is a paternity determination under Texas Family Code
Chapter 160. Subject matter jurisdiction over conservatorship orders regarding the child is not
asserted." As a result, the UCCJEA is inapplicable to the present case. 


 Within four years of the date an AOP is filed, a party may challenge it on the basis
of fraud, duress, or material mistake of fact. Id. § 160.308. MacCord's petition seeks to set aside
the AOP on this basis, and prays for a judgment "ordering the bureau of vital statistics to delete the
acknowledgment of paternity from the records of the unit." 

 The Uniform Parentage Act does not specifically address the issue of subject-matter
jurisdiction in a proceeding to challenge an AOP. Family code section 160.309(d) states that AOP
challenges are conducted "in the same manner" as proceedings to adjudicate parentage, and
McMillan argues that this provision should be interpreted to mean that section 160.104, which
addresses subject-matter jurisdiction for parentage adjudications, also applies to AOP challenges. 
See id. §§ 160.104, .309 (West 2002). We disagree.

 Family code section 160.309(b) specifically addresses personal jurisdiction for AOP
challenges, rather than allowing the personal-jurisdiction rules regarding parentage adjudications to
apply. See id. § 160.309(b) ("For purposes of the rescission of or a challenge to an acknowledgment
of paternity or denial of paternity, a signatory submits to the personal jurisdiction of this state by
signing the acknowledgment or denial."). While subject-matter jurisdiction is not similarly
addressed, the inclusion of section 160.309(b) suggests that the language of section 160.309(d),
providing that an AOP challenge shall be conducted "in the same manner" as a parentage
adjudication, refers to matters of procedure, rather than matters of jurisdiction. See generally id.
§§ 160.621 (admissibility of genetic testing results), .632 (juries prohibited) (West 2002), § 160.633
(hearings and inspection of records) (West Supp. 2008). Furthermore, section 160.309(e), which
allows the trial court to "order the bureau of vital statistics to amend the birth record of the child"
at the conclusion of a successful challenge to an AOP, necessarily contemplates that Texas has
subject-matter jurisdiction over challenges to AOPs that were executed and filed in Texas. See id.
§ 160.309(e).

 The language of the temporary order in Tennessee, which states that MacCord "does
not have standing to deny that [McMillan] is the father of the child having signed under penalty of
perjury an acknowledgment of paternity in Texas," suggests that the Tennessee court refused to
exercise jurisdiction over the paternity portion of the proceedings, deferring instead to Texas to
resolve any challenge to the AOP. This is consistent with the order's statement that the suit "shall
proceed before the Court as a custody case." While we do not have a record of the proceeding in
Tennessee, MacCord's counsel represented in the hearing on McMillan's plea to the jurisdiction that
"the judge of the juvenile court in Blount County acknowledged that she could not set aside the AOP
because the AOP had to be set aside in court--by a court in the State of Texas." 

 The AOP was signed in Texas, filed with the Texas Vital Statistics Unit, and bears
the heading, "State of Texas Acknowledgment of Paternity." MacCord now seeks to challenge the
AOP under Texas Family Code section 160.308, which states that "a signatory of an
acknowledgment of paternity . . . may commence a proceeding to challenge the acknowledgment." 
Id. § 160.308. MacCord also seeks deletion of the acknowledgment from the records of the
Texas Vital Statistics Unit, pursuant to section 160.309(e). Furthermore, it appears that the
Tennessee court has declined to assert jurisdiction over the parentage action involving A.M., so that
as a practical matter, if Texas cannot exercise jurisdiction over the AOP, MacCord will be deprived
of the opportunity to challenge it as authorized by section 160.308 of the family code. In light of
these circumstances, we hold that Texas has subject-matter jurisdiction over the AOP challenge in
this case. As a result, the petition for writ of mandamus is denied.



 ___________________________________________

 Diane M. Henson, Justice

Before Chief Justice Law, Justices Patterson and Henson

Filed: September 10, 2008